JOHN E. CARLETON *vs.* NATHAN P. RYERSON.

*Real estate — attachment of — officer's return must show filing attested copy of return.*

To constitute a valid attachment of real estate under R. S. of 1841, c. 114, § 32 (R. S. c. 81, § 56), the officer's return on the writ must show that the "attested copy," required to be filed in the office of the register of deeds, was in fact filed.

ON REPORT.

APPLETON, C. J. This is an action of trespass *quare clausum fregit,* involving the title to the premises described in the plaintiff's writ. The parties respectively claim title under John Frost,—the plaintiff by deed from said Frost to Josiah Smith, and from Josiah Smith to him,—the defendant by an attachment and levy in favor of R. A. Chapman *v.* John Frost, and by deed from Chapman to him. The attachment preceded the deed under which the plaintiff claims title. The rights of the parties depend, therefore, upon the validity of the attachment and the proceedings under it.

The attachment is in these words: " Oxford, ss. Jan. 31, 1849. At eight o'clock in the afternoon, by virtue of the writ, I attached all the right, title, interest, estate, claim, and demand of every name and nature, of the within-named John Frost, in and to any real estate in said county of Oxford, and afterwards, on the twenty-fourth day of February, I gave the within-named John Frost a summons in hand for his appearance at court.

GILMAN CHAPMAN, *Deputy-sheriff*."

By R. S. of 1841, c. 114, § 30, all real estate, liable to be taken in execution, may be attached on *mesne process*. But by § 32 " no attachment of real estate on *mesne process* shall be deemed and considered as creating any lien on such estate, unless the officer making such attachment, within five days thereafter, shall file in the office of the register of deeds, in the county or district in which all or any part of said lands are situated, an attested copy of so much of the return, made by him on the writ, as relates to the attachment, together with the names of the parties, the sums sued for, the date of the writ, and the court to which it is returnable," etc.

The officer must return such an attachment as will create a lien. But a return, which does not show a compliance with the essential requirements of the statute, creates none. The officer should not merely comply with the statute, but his return should show that he has so complied. The writ commands the officer to return his doings thereon. The return on the writ does not state that the " attested copy," required by the statute to be left in the office of the register of deed, has been so left. It shows no valid attachment as against third persons. " The officer's return should be indorsed upon the writ and be signed by him, and should set forth the whole of his doings." Howe's Practice, 113.

The return should set forth that the " attested copy " was left as the statute prescribes. The attachment is not fully completed until that is done. *Bank* v. *Burnham*, 5 N. H. 275. The return should show when the attested copy was left, and if it fails to show that specifically, the court will allow an amendment. *Kittredge* v. *Bel-*

*lows*, 4 N. H. 30.   In a case like the present in principle, *Angier* v. *Ash*, 6 Foster, 107, Bell, J., uses the following language : " Though an attachment of such property may still be mae a nd the property kept as before, yet the means of preserving the lien of the attachment by this new mode of service was important, both to the creditor and to the officer.   Being material and proper to be done in the due and legal service of the process, it was proper to be returned, and consequently the return becomes evidence of those facts stated in it."

In an extent of an execution upon land, every fact essential by the statute to a good title ought to be expressly stated, or necessarily implied in what is stated in the return.   *Mead* v. *Harvey*, 2 N. H. 498.   " Nothing," observes Richardson, C. J., in *Cogswell* v. *Mason*, 9 N. H. 48, " is to be left to conjecture.   Nothing is to be presumed in favor of the extent."   The same rules apply to the attachment which precedes the levy, and to the date of which, if seasonably made, it relates.

Whether the officer would not be permitted to amend his return in accordance with the facts, is a question not now before us, as no motion to that effect has been made.

*Judgment for the plaintiff.*

*Damages, $1.*

Cutting, Kent, Dickerson, and Danforth, JJ., concurred.

Walton and Barrows, JJ., did not concur.

*S. F. Gibson*, for the plaintiff.

*Enoch Foster, jr.*, for the defendant.